C. B. BRICKELL v. CAMP MANUFACTURING COMPANY.

(Filed 18 March, 1908).

1. **Principal and Agent—Agency Proved—Declarations.**

When the agency has been proved without objection, declarations of the agent made while in the prosecution of the work are competent.

2. **Same.**

In an action wherein the defense was that the trespass sued on was committed by an independent contractor, declarations of the alleged independent contractor, made at the time, that "I am just carrying out the orders of the Camp Manufacturing Company (defendant), and nobody can stop me except orders" from that company, are competent, when testimony had been received, without objection, tending to establish the agency at that time.

CIVIL ACTION, tried before *Lyon, J.,* and a jury, at June Term, 1907, of the Superior Court of HALIFAX County.

The facts are sufficiently stated in the opinion of the Court.

*Day, Bell & Dunn, E. L. Travis* and *Murray Allen* for plaintiff.

*W. E. Daniel, B. B. Winborne* and *Claude Kitchin* for defendant.

CLARK, C. J.   On 14 June, 1894, the plaintiff sold and conveyed to the defendant all the pine timber trees 12 inches in diameter across the tree stump and larger at the time of cutting on certain lands, with the right to erect buildings on said land, and to build, use and operate railroads, tramways or bogy roads across said lands for the purpose of removing said timber or anything else, and to use material from said lands along said roads to build and maintain the same, with the right to remove said buildings, railroads, tramways, etc., from said land within one year after ceasing to use them.   Ten years time was given to remove the timber.

The plaintiff contended that, on or about 15 June, 1904, after the contract had expired, the defendant entered upon

BRICKELL *v.* MANUFACTURING CO.

said land and cut and removed oak and other valuable timber and cordwood, constructed a spur track and also used the railroad track after 14 June, 1904, hauling logs, timber and other things across the plaintiff's lands.

The defendant contends that it did nothing, and that the timber on said land was cut by one P. J. Norfleet, and that, if any trespass was committed, which it expressly denies, it ought not to be held responsible therefor, for the reason that the said P. J. Norfleet was an independent contractor.

There are numerous exceptions, but practically there are but three questions involved:

1. Whether the trespass, after 14 June, 1904, was committed by the defendant or by P. J. Norfleet, an independent contractor. There was evidence *pro* and *con,* and, under a proper charge by the court, the jury found that the trespass was committed by the defendant.

2. The only exception to evidence that requires notice is the testimony that, when plaintiff objected to laying a bogy track, the man in charge, the alleged independent contractor, P. J. Norfleet, replied: "I am just carrying out the orders of the Camp Manufacturing Company, and nobody can stop me except orders from the Camp Manufacturing Company." This witness had already testified, without objection, that the bogy track had been built by "Norfleet, of the Camp Manufacturing Company." The agency having been proven without objection, it was competent to put in evidence his declarations while in prosecution of the work.

3. The measure of damages was the difference in the value of the land before and after the injury complained of. Cutting ditches and holes was incident to laying bogy tracks and cutting timber, and evidence as to such injury, which was sufficiently alleged in the complaint, was competent.

We find no reversible error.

No Error.